PROB 12C
(7/93)

Report Date: June 9, 2010

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 14 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Timothy J. Daugherty          Case Number: 2:07CR00081-001

Address of Offender:                    Spokane Valley, WA 99216

Name of Sentencing Judicial Officer: The Honorable Fred Van Sickle, Senior U.S. District Judge

Date of Original Sentence: 12/17/2007

Original Offense:      Uttering Fictitious Securities of Private Entities, 18 U.S.C. § 514(a)(2)

Original Sentence:     Prison - 40 months; TSR - 36 months          Type of Supervision: Supervised Release

Asst. U.S. Attorney:   Stephanie J. Lister       Date Supervision Commenced: 03/26/2010

Defense Attorney:      Christian J. Phelps       Date Supervision Expires: 03/25/2015

---

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number | Nature of Noncompliance

1   **Standard Condition # 2**: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

    **Supporting Evidence**: Mr. Daugherty is considered in violation of his conditions of supervised release by failing to report as directed since June 5, 2010.

    On June 3, 2010, the undersigned officer contacted Mr. Daugherty by telephone and directed him to report to the probation office, no later than June 4, 2010, to complete his monthly report, and also to discuss his non-compliance. Mr. Daugherty failed to report as directed and did not contact the undersigned to re-schedule.

2   **Standard Condition # 5**: The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

    **Supporting Evidence**: Mr. Daugherty is considered in violation of his conditions of supervised release by failing to work regularly since May 5, 2010.

        Mr. Daugherty was released from custody on March 26, 2010. He informed the undersigned that he was employed by John Granberg as a paralegal, but to date, has failed to provide any proof of this employment.

3  **Standard Condition # 6**: The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment.

**Supporting Evidence**: Mr. Daugherty is considered in violation of his conditions of supervised release by failing to notify the undersigned at least 10 days prior to a change in address.

On May 21, 2010, Mr. Daugherty notified the undersigned that he was changing his address on that date. Mr. Daugherty had been residing at a clean and sober house and indicated that he and the house manager "had come to a mutual agreement," and decided Mr. Daugherty should leave the residence.

The undersigned contacted the house manager (Tim Blessing) to discuss the reasons for Mr. Daugherty leaving. Mr. Blessing advised that Mr. Daugherty was belligerent with staff and refused to submit to a urinalysis test, which was a condition of his residing at this residence. As a result, Mr. Daugherty was required to leave the residence.

4  **Special Condition # 16**: You shall not incur any new debt, open additional lines of credit, or enter into any financial contracts, without the advanced approval of the supervising probation officer.

**Supporting Evidence**: Mr. Daugherty is considered in violation of his conditions of supervised release by entering into a financial contract without the advance approval of the supervising probation officer.

On May 18, 2010, the undersigned officer received a telephone call from Blaine Anderson. Mr. Anderson informed the undersigned that he had sold Mr. Daugherty a vehicle for $1,400. Mr. Daugherty gave Mr. Anderson $1,000, and agreed to make payments on the remaining $400. However, Mr. Daugherty had failed to make any payments to Mr. Anderson.

When questioned about this transaction, Mr. Daugherty admitted entering into a financial agreement with Mr. Anderson, and provided a copy of the bill of sale.

5  **Special Condition # 20**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Daugherty is considered in violation of his conditions of supervised release by using a controlled substance, methamphetamine, on May 25, and June 1, 2010. In addition, he failed to report for drug testing on June 7, 2010.

On May 25, 2010, and again on June 1, 2010, Mr. Daugherty submitted a urinalysis sample which tested presumptively positive for methamphetamine. When questioned about the results, Mr. Daugherty denied any use of controlled substances. As a result, the sample was sent to the laboratory for confirmation.

The undersigned officer has received confirmation from the laboratory that both of the samples submitted by Mr. Daugherty were confirmed positive for the presence of methamphetamine.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 9, 2010

s/Samuel Najera

Samuel Najera
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
FVS [X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Fred Van Sickle
Signature of Judicial Officer

June 9, 2010
Date